UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLIFFORD MARSHALL,<br><br>                Plaintiff,<br><br>vs.<br><br>TYRELL DAVIS, DANNY ROE, SGT. ROGERS, and DEPARTMENT OF CORRECTION,<br><br>                Defendants. | Case No. 1:24-cv-00209-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      The Complaint of Plaintiff Clifford Marshall, an Idaho Department of Correction (IDOC) inmate, was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1, 2. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be permitted to proceed to the next stage of litigation of procedural defenses.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## REVIEW OF COMPLAINT

1. **Factual Allegations**

In April 2022, Plaintiff was assaulted and badly injured by his cellmate, after Plaintiff had made repeated requests to prison officials to separate the two inmates because Plaintiff feared that his cellmate would cause him bodily harm. Dkt. 3 at 2. Plaintiff has attached copies of his prison grievances, and it appears that he first attempted to exhaust his administrative remedies in 2024. *See* Dkt. 3-1.

2. **Standards of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A.

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. To state a claim under the Eighth Amendment in a § 1983 action, Plaintiff must provide facts showing that he is incarcerated under conditions posing a substantial risk of serious harm, or that he has been deprived of the "minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

The Eighth Amendment requires a plaintiff to allege facts showing that Defendants were deliberately indifferent to his needs. "[D]eliberate indifference entails something more than mere negligence, … [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under the Eighth Amendment via § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations omitted). Although even an obvious danger does not result in liability if the official is not subjectively aware of it, a prison official cannot "escape

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to properly exhaust all available prison administrative remedies before they can bring their claims in a new or ongoing civil rights lawsuit challenging the conditions of their confinement. 42 U.S.C. § 1997e(a); *see Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014). "Proper" exhaustion means that the prisoner must comply "with [the prison's] deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)."There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

3. **Discussion of Claims**

    A.  *Defendant Davis*

Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under §1983).

Defendant Davis was warden of the Idaho State Correctional Institution (ISCI) when Plaintiff was attacked. There are no allegations in the Complaint showing that Warden Davis knew of or personally participated in the conditions that led to the attack,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

and it is implausible to assert that the warden of a prison is involved in every prisoner's cell assignment. If the warden merely responded to Plaintiff's grievance after the attack, he has no liability, as there was no way for him to prevent the attack after the fact. Therefore, Plaintiff cannot proceed against him at this time.

Should Plaintiff discover facts showing that the warden personally participated in the failure to protect him before the assault, then Plaintiff may file a motion to amend his complaint, with a proposed amended complaint that sets forth those allegations. The standard of law for stating a claim regarding supervisory officials was set forth succinctly in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). There, the United States Court of Appeals for the Ninth Circuit clarified that a supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 1207. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted).

### B. *Defendant Sergeant Rogers*

Defendant Rogers was the sergeant in charge of Plaintiff's housing unit at the time of Plaintiff's injuries. The Court will liberally construe Plaintiff's claim to state an Eighth

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

Amendment failure to protect claim against Sergeant Rogers, based on the allegation that, before the assault, Plaintiff reported to Rogers that Plaintiff feared assault and requested that Rogers separate the inmates. Plaintiff may proceed against Rogers.

### C. *Defendant Clinician Roe*

There are no allegations against Defendant Roe showing that Roe personally participated in the alleged violation. Therefore, Plaintiff may not proceed against Roe, but may amend at a later date if he has facts showing that Roe knew of, but failed to protect him from harm.

### D. *Defendant Department of Correction*

The Eleventh Amendment provides "sovereign immunity" to states and state entities. That means the IDOC, which is a state entity, cannot be sued in federal court except in two instances: (1) where the state of Idaho has expressly waived its sovereign immunity, *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically intended to abrogate state sovereign immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

The state of Idaho has not waived sovereign immunity for § 1983 suits in federal court, and Congress has not abrogated state sovereign immunity for such suits. The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 71 (1989). Therefore, without further factual allegations, Plaintiff may not proceed against the IDOC in federal court.

4. **Discussion of Exhaustion Issue**

It appears from the Complaint and the attached exhibits that Plaintiff may not have used the prison grievance system to alert the prison of his claims until two years after his assault. *See* Dkt. 3-1. Prison policy required that he do so within 30 days of the incident complained of. *See* Dkt. 3-1 at 6. Sua sponte dismissal (by the Court's own motion) for failure to exhaust administrative remedies under the PLRA is appropriate only if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust and, thus, fails to state a claim upon which relief can be granted. *See Jones*, 549 U.S. at 214–15 (2007); 28 U.S.C. § 1915A(b)(1).

Here, it is unknown whether Plaintiff has any facts showing that his failure to exhaust should be excused. "Courts may not engraft an unwritten 'special circumstances' exception" to excuse a prisoner's failure to follow prison policies governing administrative remedies "onto the PLRA's exhaustion requirement." *Ross v. Blake*, 578 U.S. 632, 748 (2016). Rather, the Supreme Court observed, "[t]he only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Id*.

There are three general situations that can render a prison or jail grievance process unavailable to an inmate. First, an administrative procedure is not available, and therefore need not be exhausted, "when (despite what regulations or guidance materials may

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

promise) is operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross*, 136 S. Ct. at 1859.

Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id*. "When rules are so confusing that no reasonable prisoner can use them, then they're no longer available." *Id.* (internal quotation marks and alteration omitted).

Finally, administrative remedies will be deemed unavailable if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation" or if administrators otherwise interfere with an inmate's pursuit of relief. *Id*. at 1860. For example, if the prison improperly processed an inmate's grievance, if prison officials misinformed an inmate regarding grievance procedures, or if the inmate "did not have access to the necessary grievance forms within the prison's time limits for filing the grievance," the remedies will be considered unavailable. *Albino*, 747 F.3d at 1172-73; *see also McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015) (holding that an inmate's fear of retaliation may suffice to render the grievance process unavailable, if the prisoner (1) "provide[s] a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance," and (2) "demonstrate[s] that his belief was objectively reasonable").

If a prisoner has failed to exhaust available administrative remedies, the appropriate remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108,

1120 (9th Cir. 2003), *overruled in part on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

Plaintiff will be permitted to proceed to the next stage of proceedings (procedural defenses), or he may voluntarily dismiss his case.

### 5. Conclusion

Plaintiff may proceed against Defendant Rogers on the Eighth Amendment failure to protect claim. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

### 6. Request for Appointment of Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff asserts that he cannot spell, write, or read, and that he is untrained in the law, without an understanding of the technicalities of the law. To date, Plaintiff has articulated his claims sufficiently with the help of another prisoner. Almost no prisoners have legal training or access to broad legal resources. Plaintiff's primary task in this case is to bring forward *facts* supporting the claims; it is not necessary to provide legal

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

argument or citations. This Order and any motions for summary judgment contain the elements of the causes of action. Each element needs factual support. Additional factual support can be obtained through the disclosure and discovery procedures.

Because it appears that Plaintiff failed to exhaust his administrative remedies in a timely manner, his claims likely are subject to dismissal. The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if necessary. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney's fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, Plaintiff should continue to attempt to procure his own counsel on a contingency or other basis, if at all possible.

## ORDER

IT IS ORDERED:

1. Plaintiff's Motion for Appointment of Counsel (contained in the Complaint) is DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to file another request.

2. Plaintiff may proceed on the Eighth Amendment claim against Defendant Sergeant Rogers. All other claims against all other Defendants are DISMISSED, and all other

Defendants are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[1]

3. Defendant **Sergeant Rogers** shall be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court shall forward a copy of the Complaint (Dkt. 3), and a copy of this Order, and a Waiver of Service of Summons to the following counsel:

**Mary Karin Magnelli**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

4. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff,

---

[1] Any amended complaint must contain all of Plaintiff's allegations in a single pleading; the amended complaint will replace the original Complaint. Therefore, defendants and claims from the original Complaint that are not included in the amended complaint will no longer be considered part of this case. *See* Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend.")

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

identifying the individuals for whom service will not be waived.

5. If Plaintiff receives a notice from Defendant indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional **90 days** from the date of such notice to file a notice of physical service addresses of the Defendant, or claims against them may be dismissed without prejudice without further notice.

6. The Court will not issue the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases at this time, because it appears that the exhaustion issue will be a threshold issue as to whether Plaintiff can proceed.

7. Defendants and Plaintiff are ordered to simultaneously provide each other any documents regarding failure to exhaust to Plaintiff within 60 days after entry of this Order. If they need further information or documents, they may propound limited interrogatories or use a letter to request for information via mandatory disclosure. None of these documents should be filed with the Court, but only exchanged between parties.

8. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9. Dispositive motions must be filed no later than 300 days after entry of this Order.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 12**

certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 13**

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: August 5, 2024

B. Lynn Winmill
U.S. District Court Judge